UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CECILIO CARDENAS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>DARREN SWENSON,<br><br>　　　　　　Respondent. | NO.  CV-06-3020-FVS<br><br>ORDER DISMISSING ACTION AS TIME-BARRED |

   BEFORE THE COURT are Petitioner's Amended Habeas Corpus Petition (Ct. Rec. 12), a Response to Order to Proceed In Forma Pauperis and Order to Amend Petition (Ct. Rec. 13), a Motion for Permission to Amend Habeas Corpus Petition (Ct. Rec. 14), and a "Brief of Facts" (Ct. Rec. 8).  Petitioner is a Washington State prisoner presently confined at the Prairie Correctional Facility in Appleton, Minnesota. He is proceeding *pro se* and *in forma pauperis;* Respondent has not been served.

   Petitioner challenges a community custody term of 120 months stemming from his 1992 Yakima County jury conviction for second degree

ORDER DISMISSING ACTION AS TIME-BARRED -- 1

murder[1]. He contends he was given an exceptional sentence of community custody which exceeds his statutory maximum sentence in violation of the Fifth and Fourteenth Amendments.

After review of Petitioner's documents, the court finds this habeas action is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Petitioner indicates he had filed a direct appeal which was pending between 1992 and 1994. *See* Ct. Rec. 13, page 3. Therefore, his conviction and sentence became final prior to enactment of the AEDPA on April 24, 1996.

Petitioner, however, argues his sentence is invalid and void pursuant to Washington state law, and therefore, it is not "final" and statutory time bars do not apply to his case. There is no authoritative ruling stating Petitioner's sentence is actually void. Consequently, Petitioner's argument alone will not delay the onset of the limitations period.

Petitioners whose convictions and sentences became final prior to the enactment of AEDPA, had until April 24, 1997, one year from the effective date of the AEDPA, to file a petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). Petitioner, however, asserts the onset of the limitations period should be delayed based on

---

[1] Petitioner states on his petition forms that he was convicted of Second Degree Murder. From documents attached to Petitioner's "Brief of Facts" (Ct. Rec. 8), including the Washington State Supreme Court's Ruling Denying Review (Ct. Rec. 8, pg. 20), it appears Petitioner was convicted of Attempted First Degree Murder.

ORDER DISMISSING ACTION AS TIME-BARRED -- 2

*Blakely v. Washington*, 542 U.S. 296 (2004) and a decision from the Washington State Court of Appeals, Division III, referencing RCW 9.94A.505(5).

Under 28 U.S.C. § 2244(d)(1)(C) the statute of limitations may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* *Blakely,* however, is not retroactively applicable to cases on collateral review. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (there is no indication that the U.S. Supreme Court intended *Blakely* to apply retroactively); *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (concluding that *Blakely* does not apply retroactively to cases on § 2254 habeas review).

The statute of limitations pertinent to a *Blakely* claim does not begin to run on the date when *Blakely* was decided, pursuant to 28 U.S.C. § 2244(d)(1)(C), because *Blakely* has not been made retroactively applicable on collateral review. Because *Blakely* is not retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run, pursuant to § 2244(d)(1)(C), when that case was decided. Consequently, the *Blakely* decision will not delay the running of the limitations period.

Likewise, although Petitioner's claim of an exceptional sentence may implicate Washington State court decisions, 28 U.S.C. § 2244(d)(1)(C) does not serve to delay the date the statute of limitations began to run. The exceptional sentence claim does not

ORDER DISMISSING ACTION AS TIME-BARRED -- 3

involve a right of constitutional magnitude that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. *See id.*

To the extent Petitioner argues the alleged change in state law formed the factual predicate of his claim under 28 U.S.C. § 2244(d)(1)(D), his argument must also fail. Petitioner was aware at the time of his sentencing in 1992 that he was sentenced to 120 months of community custody. This was the factual predicate of his claim, not his subsequent discovery of a legal argument that might further his petition for relief. Petitioner has failed to demonstrate a basis to delay the onset of the limitations period which began to run in April 1996.

Petitioner's assertion the limitations period was tolled by his Personal Restraint Petition is also without merit. The AEDPA provides a prisoner is entitled to tolling for the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 5(2000). Petitioner indicates he submitted a Personal Restraint Petition to the Washington State Court of Appeals, Division III, on June 1, 2005, which was pending until a Certificate of Finality was issued December 15, 2005. Nevertheless, while Section 2244(d)(2) may stop the limitations period, it cannot revive a time period that has already expired. The limitations period in this case expired on April 24, 1997. *See Patterson v. Stewart*, 251 F.3d at 1245-46.

Although granted the opportunity to do so, Petitioner failed to

ORDER DISMISSING ACTION AS TIME-BARRED -- 4

present any grounds to equitably toll the limitations period. Therefore, absent statutory or equitable tolling, Mr. Cardenas's federal habeas petition signed February 26, 2006, is untimely. *See* 28 U.S.C. § 2254(d); *Patterson v. Stewart*, 251 F.3d at 1245-46. Accordingly,

**IT IS HEREBY ORDERED:**

1. This action is **DISMISSED with prejudice** as time-barred.

2. All pending motions are denied as moot.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, and forward a copy to Petitioner.

**DATED** this 30th day of June 2006.

*s/ Fred Van Sickle*
FRED VAN SICKLE
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION AS TIME-BARRED -- 5